U.S. Department of Justice

United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St. N.W.
Washington, D.C. 20001

January 27, 2006

**FILED**

FEB 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DELIVERED BY HAND

Mr. Michael L. Smith
Capitol Legal Group, LLP
1250 H Street, N.E.
Washington, D.C. 20002

Re:  United States v. Lyndon A. Derouen,
Case No. 06-013M   CR: 06-040 (CKK)

Dear Mr Smith:

This letter sets forth the full and complete plea offer to your client, Mr. Lyndon A. Derouen. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on February 13, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1.  **Charges:** Mr. Derouen agrees to plead guilty to the one-count information charging a violation of 18 U.S.C. § 1711, misappropriation of postal funds. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Derouen and will be entered in accordance with Federal Rule of Criminal Procedure 11. Mr. Derouen agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Derouen's actions and involvement in the offense. It is anticipated that during the Rule 11 plea hearing, Mr. Derouen will adopt and sign the Statement of the Offense as a written proffer of evidence.

2.  **Potential penalties, assessments, and restitution:** Mr. Derouen understands that the maximum sentence that can be imposed is 10 years of imprisonment, a fine of $250,000, a $100 special assessment, a three year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Derouen understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18

U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2005) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Mr. Derouen understands that this sentence, including the applicable Sentencing Guidelines range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose.

Mr. Derouen further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot move to withdraw his guilty plea. This does not, however, limit Mr. Derouen's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines**: The parties agree that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| § 2B1.1(a) | Base Offense Level | 6 |
| § 2B1.1(b)(1) | Loss amount more than $10,000 | 4 |
| Total | | 10 |
| § 3E1.1 | Acceptance of Responsibility | -2 |
| Total | | 8 |

Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for defendant Derouen in this case. In the event that this plea offer is either not accepted by Mr. Derouen or is accepted by Mr. Derouen but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements**: Mr. Derouen agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013. Mr. Derouen also agrees to pay restitution of $12,166.85 to the United States Postal Service, or, at a minimum, have made arrangements for such payment pursuant to an agreement of the parties consistent with the provisions of paragraph 11, below. Finally, Mr. Derouen agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Government Concessions**: In exchange for his guilty plea, the government agrees not to oppose Mr. Derouen's release pending sentencing, agrees not to oppose a two-level

adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose a sentence of probation for Mr. Derouen, agrees not to oppose Mr. Derouen's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Derouen continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Mr. Derouen in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Derouen does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Derouen.

6. **Bond Conditions:** Mr. Derouen understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards is not grounds for withdrawal from this agreement.

7. **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Derouen's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

8. **Breach of Agreement:** Mr. Derouen agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Mr. Derouen should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Derouen's release (for example, should Mr. Derouen commit any conduct after the date of

this agreement that would form the basis for an increase in Mr. Derouen's offense level or justify an upward departure – examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court – the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Derouen will not have the right to move to withdraw the guilty plea; (c) Mr. Derouen shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Mr. Derouen, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether Mr. Derouen has breached this agreement, and if Mr. Derouen so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

9. **Statute of Limitations Waiver:** Any prosecutions of defendant Derouen arising out of the conduct that is the subject of the Information in this case that are not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Mr. Derouen knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

10. **USAO-DC's Criminal Division Bound:** Mr. Derouen understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Derouen.

11. **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Derouen, Mr. Derouen's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Derouen may indicate his assent by signing the agreement in the space indicated below and returning the original to us once it has been signed by Mr. Derouen and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
DANIEL P. BUTLER
ASSISTANT U.S. ATTORNEY

I have read this plea agreement and have discussed it with my attorney, Michael L. Smith. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 2-10-06

Lyndon A. Derouen
Defendant

I have read each page of this plea agreement, reviewed them with my client, Lyndon A. Derouen, and discussed the provisions of the agreement with my client, fully. These pages

accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 2-10-06

Michael L. Smith
Attorney for defendant Lyndon A. Derouen