# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-0040 (CKK) |
| | : | MAGISTRATE NO. 06-013M |
| v. | : | **FILED** |
| LYNDON A. DEROUEN, | : | |
| | : | FEB 2 4 2006 |
| Defendant. | : | NANCY MAYER WHITTINGTON, CLERK |
| | | U.S. DISTRICT COURT |

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its

attorney, the United States Attorney for the District of Columbia, and defendant LYNDON A.

DEROUEN ("DEROUEN"), with the concurrence of his attorney, Michael L. Smith, agree and

stipulate as follows:

The defendant is charged by Information with one count of misappropriation of postal

funds, pursuant to 18 U.S.C. Section 1711.

At all times material, the United States Postal Service (hereinafter "USPS") operated the

Friendship Station Post Office at 4005 Wisconsin Avenue, N.W., in the District of Columbia

(hereinafter "the Post Office").

Defendant LYNDON A. DEROUEN was employed by the USPS as a Sales and Service

Associate at the Post Office. Included within defendant's duties, among others, was the sales of

postage stamps to the general public.

The retail operation of the Post Office operated under a stamp inventory system known as

"segmented inventory accountability." While a traditional post office operation provided that

each Sales and Service Associate was responsible for their own stamp stock, in a segmented

inventory accountability environment all the Sales and Service Associates worked out of a

common accountability known as the retail floor stock. This retail floor stock was the only accountability besides the unit reserve.

The unit reserve was assigned to a Supervisor of Customer Service, who issued postage stock to the retail floor stock via a requisition form. When issued, the accountability of the retail floor stock was increased by the amount of what was issued. On a daily basis, this accountability was subsequently reduced by the value of postage reported as sold, so that when an inventory was conducted, the paper balance should have matched what was physically on hand. The effect of a Sales and Service Associate not reporting a stamp sale transaction properly would be that, while his or her daily financial statement would "balance" at the end of the day, there would be a shortage to the inventory upon an audit of the floor stock.

In a segmented inventory accountability environment, the cash register that was used was known as Point of Sale. All transactions reported in a Point of Sale environment were captured in a USPS marketing database known as "Retail Data Mart."

The cash drawer on a Point of Sale cash register machine was designed not to open unless there was a cash transaction. There was a "no-sale" key, however, which could be used to circumvent this feature.

From in or about September of 2005, until in or about January of 2006, defendant DEROUEN devised a scheme to embezzle and misappropriate at least $12,166.85 in postal funds. It was part of the scheme to misappropriate postal funds that defendant repeatedly and on a regular and continuing basis, when conducting postage stamp sales to the public, would enter into the cash register the amount of the stamp sale, then void it, with a follow-up "no-sale" to open his cash drawer, and then take for his personal use, usually by placing it in his pocket, the

2

relevant amount from the respective stamp sale. On other occasions, defendant would simply use the "no-sale" key or the "void" key only to commit these transactions and take the money for his personal use.

By way of example, videotape monitoring of defendant DEROUEN for the period of December 21, 2005, through January 9, 2006, showed that defendant failed to report at least 125 transactions for a total of $3,281.69 in postage sales. Of the 125 transactions, 115 were under reported using the sequence "scan," "void," and "no-sale." Four transactions were under reported using the "no sale" key and the final six transactions were under reported using the "void" key only. Defendant was observed on videotape removing money from his cash drawer and placing it in his pants pocket on at least 29 occasions.

On January 12, 2006, defendant DEROUEN gave a statement to the investigators in this matter, after being advised by them of his <u>Miranda</u> rights. In his statement, defendant admitted illegally taking the postal funds since the end of October of 2005. He admitted that he did this through the use of the process of "scan," "void," "no-sale" sequence of the register keys, as well as the repeated use of the "no-sale" key. Defendant stated that he would take money from his drawer at the counter and place it in his pocket.

The investigators in this matter could document that defendant DEROUEN illegally took, from in or about September of 2005, until in or about January of 2006, $12,166.85 in postal funds. This is the amount determined by the investigators based on the above-discussed video

3

monitoring of defendant, undercover purchases of stamps from him, and a review of the database for defendant's Retail Data Mart reports for this period.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
FOR THE DISTRICT OF COLUMBIA
D.C. Bar No. 451058

By: _____
DANIEL P. BUTLER
ASSISTANT UNITED STATES ATTORNEY
555 4th Street, N.W., Room 5231
Washington, D.C. 20530
(202) 353-9431
Daniel.Butler@usdoj.gov

### DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Crim. P. 11, after consulting with my attorney, Michael L. Smith, I agree and stipulate to this Statement of Offense.

Date: 2-24-06          _____
                       Lyndon A. Derouen
                       Defendant

I have discussed this Statement of Offense with my client, Lyndon A. Derouen. I concur with his decision to stipulate to this Statement of Offense.

Date: 2-24-06          _____
                       Michael L. Smith, Esquire
                       Attorney for Defendant Lyndon A. Derouen

4