UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CRIMINAL NO.: 06-40** |
| v. | : | |
| | : | |
| **LYNDON A. DEROUEN,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM IN AID OF SENTENCING

### INTRODUCTION

Defendant, Lyndon A. Derouen, is charged by Information with a single count of misappropriation of postal funds, pursuant to 18 U.S.C. Section 1711. Mr. Derouen by and through undersigned counsel respectfully informs the court that counsel will exercise the right of allocution at sentencing, currently scheduled for 5, 2006. Counsel further submits this memorandum in aid of sentencing to assist the court in its sentencing decision.

### DISCUSSION

On February 24, 2006, Defendant, Lyndon a. Derouen, appeared in Court with undersigned counsel and pleaded guilty to the single charge of misappropriation of postal funds, 18 U.S.C. Section 1711. That charge carries a maximum penalty of ten (10) years and/or $250,000 fine. Mr. Derouen admitted that the factual statements alleged in the Information was true and accurate. (*See "Statement of the Offense" filed on or about February 24, 2006*).

Based upon Mr. Derouen's early acceptance of responsibility, sincere remorse, and his attempts and desire to rehabilitate himself, we respectfully urge the court to impose a sentence of supervised probation.

The parties agreed that the following Sentencing Guidelines section apply:

| | | |
|---|---|---|
| §2B1.1(a) | Base Offense Level | 6 |
| §2B1.1.(b)(1) | Loss amount more than $10,000.00 | 4 |
| Total | | 10 |
| §3E.1.1 | Acceptance of Responsibility | -2 |
| Total | | 8 |

Mr. Derouen has no criminal record, therefore, his criminal history score is zero (0) and the criminal history category is 1. USSG Chapter 5, Part A. The resulting guideline range is 0-6 months, which is in Zone A of the table. U.S.S.G. § 5B1.1 (a) provides that ([w]here the applicable guideline range is in Zone A of the Sentencing Table (i.e., the minimum term of imprisonment specified in the applicable guideline range is zero months.) In such cases, a condition requiring a period of community confinement, home detention, or intermittent confinement may be imposed ***but is not required***. Mr. Derouen is therefore eligible for a probationary sentence under the statute, 18 U.S.C. §3561.

## LEGAL ARGUMENT

The D.C. Circuit recently stated, "the Guidelines are now advisory, i.e., one among a number of actors to be weighed by the District Court in sentencing." *United States v. Price*, 409 F.3d. 436 (D.C. 2005).

**THE PRESENT CASE**
(Personal History)

Defendant, Lyndon A. Derouen, was arrested on January 9, 2006, as a result of the above-referenced charge. He appeared before Magistrate Robinson and was released on his personal recognizance on January 13, 2006. He has complied with all the conditions of his release to date. Mr. Derouen is forth three (43) years old with no prior criminal record. He is divorced and the father of one child from his previous marriage. Mr. Derouen has some college education, some trade school skills, and had been employed with the United States Postal Services for over eighteen (18) years. He is a native of the Washington Metropolitan area and has numerous relatives still living in the area including his father and numerous siblings. His mother died in on March 17, 2006, after a lengthy battle with diabetes. His father suffers from diabetes as well as recent complications from a stroke.

Mr. Derouen has battled with a gambling addiction since his separation from his wife. He has attempted to deal with his addiction on his own but realized that he does not possess the necessary skills and has therefore sought professional assistance.

Mr. Derouen admitted taking the money from his employer. He attributes his behavior to his parents' poor health, poor financial condition, and his gambling addiction. He understands that he has embarrassed his family, including his father and sister who both worked for the U.S. Postal services for over fifty years combined. He also understands that he has placed himself in a position where he cannot offer any financial assistance to his parents as he is without employment at this time.

## **PRESENTENCE INVESTIGATION REPORT**

Mr. Derouen takes no issue with the presentence investigation report as written. He was very candid during the interview with the probation officer and all the information provided was verified. The report indicated that there were no factors suggesting an upward departure under USSG, Ch. 5. It also indicated that since the advisory range is in Zone A, a downward departure consideration or variances from the advisory range was not necessary.

## **PRAYER/ REQUEST**

Mr. Derouen prays that this Court does not impose a period of incarceration. The government does not oppose probation. Pursuant to the Sentencing Guidelines, Mr. Derouen is eligible for probation. The presentence report indicated that there were no factors suggesting an upward departure in this case.

Base upon all the above-mentioned factors, the facts set forth in the presentencing report, any additional facts and/or factors that may be set forth in open court, Defendant, Lyndon A. Derouen, by and through counsel, respectfully request that this Court impose a period of supervised probation not to exceed twelve (12) months and order that he pays restitution in the amount of $12,166.85 to the USPS.

Respectfully submitted,

Michael L. Smith, Bar # 468881
Smith, Graham & Crump, L.L.C.
9200 Basil Court
Suite 301
Largo, Maryland 20774
Tel: (301) 925-2001
Fax: (301) 925-2540

E-mail:

msmith@smithgrahamcrump.com

Alternate:  Mlsesq@juno.com

## CERTIFICATE OF SERVICE

    I HEREBY certify that a copy of the Memorandum in Aid of Sentencing was served on Daniel P. Butler, Assistant United States Attorney, 555 4th Street, N.W., Washington, DC 20530, this 5th day of May, 2006.

                                                    Michael L. Smith