UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Nos. 06-040-01 (CKK) |
| | : | |
| v. | : | |
| | : | |
| LYNDON A. DEROUEN, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter this memorandum in aid of sentencing of defendant Lyndon A. Derouen. The United States, as is discussed below, does not oppose probation for this defendant, but requests that he be ordered to make restitution for his crime.[1]

### I. FACTUAL BACKGROUND

Defendant was arrested in this matter on January 9, 2006, pursuant to an arrest warrant. From the time of defendant's initial appearance before the Magistrate Judge on January 13, 2006, defense counsel informed the government attorney that a guilty plea was likely. On February 14, 2006, the government filed an Information charging defendant with misappropriation of postal funds. On March 6, 2006, defendant pled guilty to the Information before Magistrate Judge John M. Facciola. Sentencing is now set before the Court on June 5, 2006, at 11:00 a.m.

According to the statement of offense filed in this matter and the Presentence Investigation Report ("PSR"), at page 3-4, ¶¶ 7-11, both of which were agreed to by the defendant, PSR, at page 4,

---

[1] The parties are basically in agreement as to the appropriate sentence in this case. Defendant, in his Memorandum in Aid of Sentencing, at page 4, requested supervised probation not exceeding a year and that defendant be ordered to pay restitution. The government defers to the Court as to the appropriate length of any sentence of probation that might be imposed.

¶ 14, the United States Postal Service ("USPS") operated the Friendship Station Post Office at 4005 Wisconsin Avenue, NW, in the District of Columbia ("the Post Office"). The defendant was employed as a Sales and Service Associate at the Post Office who had within his duties the sales of postage stamps to the general public. From about September of 2005, until about January of 2006, the defendant devised a scheme to embezzle and misappropriate postal funds. It was part of the scheme that the defendant repeatedly and on a regular and continuing basis, when conducting postage stamp sales to the public, would manipulate his cash register showing a sale, but would simply pocket the cash from the sale for his personal use.

By way of example, videotape monitoring of the defendant for the period of December 21, 2005, through January 9, 2006, showed that the defendant failed to report at least 125 transactions for a total of $3,281.69 in postage sales. The defendant was observed on videotape removing money from his cash drawer and placing it in his pants pocket on at least twenty-nine occasions.

On January 12, 2006, the defendant gave a statement to the investigators in this matter. In his statement, defendant admitted illegally taking the postal funds since the end of October of 2005. He admitted that he did this through manipulating his cash register during the stamp sales.

The investigators in this matter documented that the defendant illegally took, during the period of September of 2005 to January of 2006, $12,166.85 in postal funds.

## II.  UNITED STATES SENTENCING GUIDELINES

The probation officer believes, and the United States concurs, that the defendant's total Adjusted Offense Level for the offense is 8, his Criminal History category is I, and his United States Sentencing Guidelines ("USSG") range is 0 to 6 months. PSR, at page 10, ¶ 57. A sentence within this range can be satisfied by a term of probation or imprisonment, or some combination of the two.

### III.  RECOMMENDATION

The defendant used his position with the USPS to embezzle this money. The integrity of the postal system and the public's confidence in it depends, in large part, on the trustworthiness of its employees. Defendant has taken away from that sense of integrity and public confidence. And he did so, in part, to pay for gambling.

On the other hand, defendant quickly admitted his guilt and agreed to make restitution. Moreover, although he is forty-three years old, he has no prior criminal record.

Accordingly, the government, as it agreed in the plea agreement, does not oppose probation. Plea letter, August 27, 2006, at page 2-3, ¶ 5. Furthermore, as part of the plea, defendant agreed to make restitution to the USPS of $12,166.85. *Id.*, at page 2, ¶ 4; PSR, at page 10, ¶ 58. The government respectfully requests that the Court order the defendant to pay that amount of restitution. It does not appear, however, that defendant can pay a fine in addition to the restitution. PSR, at page 10, ¶ 55.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar Number 451058

By:   / s /

DANIEL P. BUTLER
D.C. Bar #417718
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-9431
Daniel.Butler@usdoj.gov