UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **Criminal No. 06-CR-00040 (CKK)-1** |
| LYNDON DEROUEN, | |
| Defendant. | |

**MEMORANDUM OPINION**
(January 16, 2018)

Presently before the Court is *pro se* Defendant Lyndon Derouen's [18] Motion to Expunge Criminal Record, and the Government's [21] Opposition thereto.[1] Defendant contends that having a felony conviction has obstructed his efforts to secure employment, and accordingly, he requests that this Court expunge his criminal record. In support of his expungement request, Defendant argues he has been a "model citizen" for over ten years. Upon review of relevant legal authorities and the pleadings made by the parties, the Court shall DENY Defendant's [18] Motion to Expunge Criminal Record.

**I. BACKGROUND**

Defendant pled guilty to one count of felony misappropriation of postal funds on February 24, 2006, before the Honorable Magistrate Judge John M. Facciola, and he was sentenced by this Court to a five year term of probation on June 5, 2006. In addition to his probation, Defendant was ordered to pay a special assessment fee of $100.00, and restitution in the amount of

---

[1] This Court permitted Defendant to file a reply to Government's Opposition by December 18, 2017. Defendant did not file a reply.

1

$11,925.85, at a rate of no less than $50.00 per month to the United States Postal Service. Defendant's Motion to Expunge Criminal Record comes approximately eleven years after his sentencing and is opposed by the Government.

## II. DISCUSSION

The power to order expungement is part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights. *United States v. Archer*, Criminal No. 07-0029, 2012 WL 5818244, at *1 (D.D.C. Nov. 13, 2012) (quoting *Doe v. Webster*, 606 F.2d 1226, 1231 n.8, (D.C. Cir. 1979)). The court may order expungement where it is required or authorized by statute, or in exercise of its inherent equitable powers. *Id.* When the court exercises its inherent equitable power to order expungement it requires "either a lack of probable cause coupled with specific circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." *Doe* at 1230.

Federal Courts have the power to order the expungement of government records, such as criminal records, "where necessary to vindicate rights secured by the Constitution or by statute." *Chastain v. Kelly*, 510 F.2d 1232 (D.C. Cir. 1975). Indeed, "expungement is a potentially available remedy for legally cognizable injuries." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 538 (D.C. Cir. 2015). Difficulties obtaining employment, as seen in *United States v. Douglas*, 2017 WL 4551211 at *2-3 (D.D.C. Oct. 10, 2017) are not the sort of unusual and extraordinary circumstance meriting expungement of a criminal record. The defendant in *Douglas* was seeking to expunge his criminal record of a conviction from 1997. The Court did not find defendants struggles to secure employment an unusual consequence of his prior actions. Additionally, the defendant in *Douglas* did not challenge the validity of his arrest and subsequent conviction; he was merely seeking an equitable expungement of his criminal record. Accordingly, the defendant's

motion in *Douglas* was denied. *Id.* at *3.

Here, Defendant makes no challenge to the legitimacy of his arrest and subsequent conviction and he also seeks an equitable expungement of his criminal record. Defendant cites no specific statutory authority, does not contend his arrest and subsequent conviction were improper, nor does he plead unusual or extraordinary circumstances justifying expungement. A criminal record is a usual, ordinary barrier to gainful employment, and the harms Defendant alleges do not outweigh the government's interest in maintaining a record of his arrest and conviction. *Archer* at *1. This Circuit is clear that the Government has a "legitimate need in maintaining criminal records in order to efficiently conduct future criminal investigations." *Doe*, 606 F.2d 1226, 1243 (D.C. Cir. 1979). Records assist law enforcement with, *inter alia*, criminal identification procedures. *United States v. Salleh*, 863 F. Supp. 283 (E.D. Va. 1994). As a result, expungements of criminal records are rare, without authorizing statute or extraordinary circumstances. rare.

The Court commends Defendant in his efforts to avoid trouble with law enforcement in the ten years since his sentencing, and acknowledges the barriers his felony conviction may have on attempts to gain employment. That said, Defendant does not present statutory authority in support of his expungement request, nor does he contend his conviction and arrest were improper so as to warrant expungement. Defendant's inability to obtain employment is on its own insufficient to justify expungement of his criminal record. *See United States v. Baccous*, Criminal Action No. 99-0596, 2013 WL 1707961, at *2 (D.D.C. April 22, 2013) (noting that even where the defendant's concerns about his employment and residential opportunities were valid, there was a lack of "extreme circumstances" and expungement of his criminal record was unwarranted). Accordingly, for the foregoing reasons, the Court finds that Mr. Derouen's [18] Motion to Expunge Criminal Record must be denied.

An appropriate Order accompanies this Memorandum Opinion.

_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE